

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ABDULLAH JABBAR AQUIL,<br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>     Respondent. | §<br>§<br>§<br>§  CRIMINAL ACTION NO.: 3:17-675-MGL-1<br>§  CIVIL ACTION NO.:  3:20-1228-MGL<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S SECTION 2255 MOTION TO VACATE**

Pending before the Court is Petitioner Abdullah Jabbar Aquil's (Aquil) motion to vacate his sentence under 28 U.S.C. § 2255 (motion to vacate).

Aquil pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (firearm offense) and possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (drug offense).  The Court sentenced him to ninety-two months imprisonment as to each count, to run concurrently.  It also sentenced him to six years of supervised release to follow, consisting of six years as to the drug offense and three years as to the firearm offense, also to run concurrently.

Aquil filed a pro se motion to appoint counsel.  The Court granted the motion and appointed counsel to determine if Aquil was eligible for relief under *United States v. Rehaif*, 139 S. Ct. 2191 (2019).

Counsel filed the motion to vacate as to his firearm offense.  The Court stayed the matter pending the Supreme Court's ruling in *Greer v. United States*, 141 S. Ct. 2090 (2021).  After the

Supreme Court ruled in *Greer*, Respondent filed its response in opposition to the motion to vacate, in which it also requested summary judgment. At the Court's direction, the parties filed a status report indicating no further briefing was required. The Court, having now been fully briefed on the relevant issues, will adjudicate the motion to vacate.

Aquil maintains the Court should vacate his conviction for the firearm offense under *Rehaif*, because the government failed to prove he knew he was a felon when he possessed the firearm in this case. Respondent insists that the Supreme Court's subsequent decision in *Greer* forecloses Aquil's argument because he has failed to show prejudice.

In *Rehaif*, the Supreme Court explained that in a felon-in-possession case, the government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm. *Rehaif*, 139 S. Ct. at 2199–200. But, in *Greer*, the Supreme Court clarified that defendants can show *Rehaif* error only if they make a sufficient representation they would have presented evidence they did not know they were felons. *Greer*, 141 S. Ct. at 2100.

The Court agrees Aquil has failed to make such a showing. Because the Court can easily dispose of the merits of Aquil's motion, it need not consider Respondent's other arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta.*").

Therefore, having reviewed the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion to vacate, ECF No. 61, is **DENIED**. Respondent's request for summary judgment, ECF No. 70, is **GRANTED**.

To the extent Aquil requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 6th day of February 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
